UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICK JAMES WERNER,

    Plaintiff,

v.                                                            Case No. 19-cv-1116-pp

ROSE SNYDER-SPAAR, *et al.*,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND SETTING A DEADLINE FOR THE PLAINTIFF TO PAY THE FILING FEE IN FULL**

      Plaintiff Patrick James Werner, who is presently confined at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Dkt. No. 1. He also filed a motion for leave to proceed without prepayment of the filing. Dkt. No. 2. He filed his trust account statement for the months of January through July 2019; it showed that he had average monthly deposits of $14.14 and, as of the end of July, a negative balance of $0.24. Dkt. No. 4. The court must deny the motion. The plaintiff also filed a motion asking the court to allow him to pay any "partial filing fees" out of his release account. Dkt. No. 3. The plaintiff conceded that he owed "for past federal filings fees," and that he had accrued three strikes. Id. at 1. But he argued that this case involved upcoming injury or harm, and that he had money in his release account. Id. Finally, the plaintiff filed a motion asking the court the allow him to be present at all hearings. Dkt.

No. 5. He indicated that he could be released around October 8, 2019 if the parole board granted him parole. Id. at 1. He indicated that he would "have to travel to Madison for various other issues as well . . . ." Id. at 2.

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint (and, according to the Wisconsin Inmate Locator web site, is still in custody). The PLRA mandates that "in no event" may a prisoner bring a civil case or an appeal if, on three or more occasions while incarcerated, he has brought a case or an appeal that was dismissed because it was frivolous, malicious or failed to state a claim upon which relief could be granted, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g). This is commonly known as the "three-strikes" provision.

The plaintiff has, as he acknowledged in his motion to pay the filing fee out of his release account, three strikes. He has received strikes in the following cases: (1) Werner v. Richmond, No. 15-cv-116 (E.D. Wis. Sept. 4, 2017); (2) Werner v. Steffens, No. 14-cv-439 (E.D. Wis. July 7, 2015); and (3) Werner v. Goassage, No. 12-cv-380 (E.D. Wis. June 11, 2012).

Because the plaintiff has accrued three strikes, the next question is whether he meets the exception for "imminent danger of serious physical injury." 28 U.S.C. §1915(g). He does not. The plaintiff's twenty-six-page complaint alleges that the GPS monitoring requirements and other systems put in place to monitor individuals on parole or extended supervision, and how

2

they are used by various employees of the Wisconsin Department of Corrections, violate the First, Fourth and Fourteenth Amendments. Dkt. No. 1. Nothing in the plaintiff's complaint alleges that he is at imminent risk of *physical* injury. Rather, he appears to believe that he is going to be released from custody in mid-October, and that at that time, he will be subject to supervision conditions which he asserts violate the constitution.[1] Dkt. No. 1 at 10. Even if the plaintiff is correct—and he is released sometime in the next week or so—the harm he says he will suffer is not *physical* harm. The plaintiff does not meet the exception in §1915(g) and therefore cannot proceed without prepaying the filing fee.

The court will not rule on the plaintiff's other motions at this time. If, as the plaintiff anticipates, he's released in the next week or so, he will receive the funds in his release account, and he can decide whether to use them to pay the $400 filing fee. As to his motion to allow him to appear at hearings, if the plaintiff is out of custody, he is free to attend any hearing the court schedules. The court notes, however, that the plaintiff appears to believe that any such hearings will take place in Madison, Wisconsin. This court sits in *Milwaukee*, and any hearings the court sets will take place in Milwaukee.

The court **DENIES** the plaintiff's motion to proceed without prepayment of the filing fee. Dkt. No. 2. If the plaintiff wants to proceed with this case, he

---

[1] According to the Department of Corrections' Inmate Locator web site, the plaintiff's mandatory release date is October 15, 2019. https://appsdoc.wi.gov.lop/detail.do.

must pay the $400 filing fee in time for the court to receive it by **November 8, 2019**. If the court does not receive the $400 filing fee by Friday, November 8, 2019, the court will dismiss this case for failure to pay the filing fee.

Dated in Milwaukee, Wisconsin this 9th day of October, 2019.

        **BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**